Next case on the calendar is N. Ray Julia F. Soussis Mr. Herzberg Mr. Herzberg, I see you have three minutes for rebuttal. You can begin whenever you are ready. Good morning. For the record, my name is Jeffrey Herzberg. I'm appearing on behalf of the appellant, Julia Soussis. But before I begin my argument, the court should be aware that the Tenth Circuit had decided Goodman v. Dahl, N. Ray Dahl, on January 18, 2023. And also, last week, the Ninth Circuit heard oral argument in Evans v. McAllister on February 7, 2023, which basically is the same issues. Anyway- Should we wait for the Ninth Circuit? No, I think we should go forward, but I think the court should be aware of it. Mr. Herzberg, let me ask you about 586. I know you argue, and I think correctly, that we should also look at 1326, but if you'll just look at 586 alone for a moment. Would you agree that if you just look at that provision, that the plain meaning of the word collect, the dictionary definition, the understood definition by everyone, is that there's nothing conditional when you collect money from someone, that the term collect does not indicate any type of conditionality. Do you agree with that? In most cases- You know, collect tolls when we used to have tolls, right? In most cases, I would tend to agree. You mentioned taxes. Employer takes without- There has to be another provision that says, if it just says collect, the understanding is you can do whatever you want with the money that you collect unless something else tells you otherwise. Do you agree with that? It doesn't say collect- Basically. If I go to a gas station and give the gas station attendant $50 in cash, and I only use $46 in gas, he has to refund the $4 to me. So, collect is not finalized. So the question is, in that case, did he collect $46 or did he collect $50? That's right. He should collect the 40. He collected 50. He has to refund- I think that's a bad example. If you got cashier $20 for $15 worth of goods, I don't think anybody would say that cashier has collected $20. I think that's a bad example. But let's assume that the plain meaning of collect is, unless there's some type of collect and hold, would just mean that you get to keep the money. You said, but you got to look at 1326. That's right. Okay, but let's look at, before we get to A, let's look at B. Which says, before or at the time of each payment to creditors under the plan, there shall be paid the percentage fee fixed for the standing trustee under section 586. So doesn't B clearly delineate two separate things, the payment to the creditors and the fee to the trustee? Isn't that- I disagree. What do you mean? It says payment to the creditors before or at the time of each payment to the creditors, there shall be a percentage fee. It's using two different terms, the payment to the creditors is one term, and the percentage fee is another, right? Isn't that, or am I missing something? I believe that when you make a plan, when a Chapter 13 debtor makes a plan payment, it's a lump sum. It's not until confirmation that the payment to the trustee, the trustee commission, is distinguished- Why do you say before or at the time of each payment to the creditors? Obviously, there's no payment to the creditors before confirmation. So it's saying before the payment to the creditors, there's two buckets. There's the payment to the creditor and there's the percentage fees. Isn't that what B is saying? I disagree with your reading of the interpretation. I believe that it remains one lump sum until confirmation. Once confirmation takes place, the trustee gets his percentage interest. If it remains one lump sum, why is there even 586? That makes 586 superfluous completely. You would only need 586. If it's one sum, why would you talk about collecting it in advance? We're collecting it. Again, then what we have separate provisions in sections of Chapter 12 and Chapter 11, which specifically says that the trustee retains his percentage fee. That was years later. It wasn't at the same time. Years later, Congress, when they looked at 12- At that time, they could have amended the Chapter 13 provisions to include- You want us to discern congressional intent from something they did years later on a separate- They could have amended it at that same time, Your Honor. Okay, we want to go that route. Why would they have allowed the fee to be kept by the trustee under Chapter 12, which deals with farmers- And fishermen reorganization. Let me finish. Explain a little bit the rationality where Congress said, okay, if it's farmers and fishermen, trustees should be able to keep their fee, but not under Chapter 13. Why would that make any sense? One, Chapter 13 is a lot lengthier process and a lot more work for the trustee. Without the knowledge or whether or not the- Well, if it's a lengthier process where they have to do more in advance of the confirmation, wouldn't that suggest they would want, allow them to collect the fee? Which Chapter 12 trustees have the right to collect the fee. In 13, Section 1326B- Who does more work before the plan confirmation, a Chapter 13 trustee or a Chapter 12 trustee? Without a doubt, the 12 trustee. Oh, really? Okay. I thought I practiced law in Texas. I had a couple farmers bankrupt. Without a doubt, it's a 12 trustee. Let's go back to Section 1326. Now, let's look at A. A says, if a plan is not confirmed, the trustee shall return any such payments not previously paid and not yet doing and owing to the creditors. So, the trustee is not a creditor. No, he's not. So, it's not talking about returning, it's not saying anything about returning a fee. It talks about returning payment to the creditor, right? Agreed. So, where does it say that the fee has to be returned? Except that-  Use your reasoning. There's no purpose of the last part if the deducting any unpaid claim allowed under Section 503B. That's a misgrave claim. If anything, that's where a trustee commission should have been paid. They specifically eliminated that where trustees don't have to file fee applications. Unlike in non-US trustee jurisdictions. To me, 1326A2 is specific. Until a plan gets confirmed, that trustee must retain all of the funds. Once a plan gets confirmed, then he disperses it pursuant to the provisions of the plan. If a plan is not confirmed- Where does it say if the trustee has to keep the funds? 1326 says he shall retain. A payment made under paragraph 1A shall be retained by the trustee until confirmation or denial of confirmation. Until confirmation, that fund, those payments are supposed to be untouched. They're just retained. Right. Okay, in my opinion- It goes on to say shall be returned if it's not confirmed. That's right. So, if you file just 586E2, you're basically throwing 1326A2 of the bankruptcy code out of the window. Now, under the US Constitution, bankruptcy is supposed to be a uniform law, okay? If you throw out the provisions of the bankruptcy code, it's no longer uniform. You've got certain districts throughout the United States that requires that the trustee return the funds. Others possibly do not. I'm not sure how we can ensure uniformity of everybody. I agree, but that's one of the- Uniformity does not refer to court decisions. The fact that there's not uniformity, courts are coming out different ways on this, doesn't mean that's a violation of the bankruptcy code, right? I'm not sure if I agree with that either, but that's a different story. All right. Your time's up, though. Thank you. Okay, it's in rebuttal, and we'll now hear from Mr. Corey first. Yes, thank you. Good morning, your honors. May it please the court. Peter Corey, Staff Attorney to Michael Macko, co-appelling in this matter. This morning, we asked this court to affirm the district court, which affirmed the bankruptcy court, which held that the Chapter 13 trustee is not required to forfeit the percentage fee when a case is dismissed prior to confirmation. Our position and the decisions below give plain meaning to the words of the statute. It's the only way to read the statute. Can I ask you kind of a question? Sure. And that is, if you're right, was the Tenth Circuit wrong? In other words, is it your position that the Tenth Circuit simply got it wrong, or is it your position that this case is distinguishable from both? Your Honor, I believe the Tenth Circuit got it wrong, and I think Judge Bianco hit the nail on the head here this morning. I think the analysis absolutely has to begin with 586. But, and Dahl was wrong? I mean, have you not read Dahl? I do believe Dahl was wrong, yes. Okay, so it's our job for circuits to divide, so the Supreme Court will have something to do in its spare time. I understand that. But I just wanted to make sure we're running down the same road. Yes, Your Honor, and I think the divergence in case law here can be narrowed down to really one issue. The cases that support our position start with 586, and we really don't need to leave 586. This is all dealt with in the judicial code. Let me ask, if I may. Yes. My understanding is that, I mean, we have two provisions that seem to run contrary to each other. There's the shall return language in 1326, and there's the collect language, which is unconditional, as Judge Bianco has pointed out, in 586. But my understanding is that this is a compensation system that's developed over time and that is not hours-based. Is that correct? I mean, my understanding is that there's a fund that is generated from amounts collected that are due and owing to creditors in Chapter 13. Is that right? Well, yes. There are two funds, if you really want to look at it that way. But we can debate about at what point the fund becomes two funds or what have you. But nonetheless, is it correct to say that this is not a payment per hour compensation system for people serving as trustees?  That's absolutely correct, Your Honor. So we could expect anomalies to develop that allow for individuals to bring Chapter 13 actions and plans that are not confirmed where there may be no compensation, even though a trustee has spent time on the case. Is that right? Well, that's not really the way the system is set up here, Judge. But isn't that correct, still, that a trustee can spend time on a case and not be compensated because he or she does not submit a bill for hours? That's correct. Is that correct? Yes. So we have a different premise for the compensation of trustees serving in this system. Is that right? Absolutely. It's been called a user fee by the courts below and in Turner. And it's a fee that's paid no matter what. If nothing is ever collected, though, right? If no payment is ever made, then nothing is collected, even though a trustee may have spent time on a case. That's absolutely true. I think I misunderstood you. I'm sorry, Your Honor. Thank you. What physically happens when the payment is made? Does it go into an account? The trustee? Is there any separation of the money? Yes, it's separated monthly, Your Honor. The fees get separated? Yes, that's exactly how it works. The fees get separated monthly and then there's an account for it. Even before confirmation? Yes. Okay. And it gets separated into what's due to the creditors and what's due to the trustee? Correct. Okay. And this all, it has to happen in real time because the second sentence of 586 would be impossible to deal with if this wasn't happening as the fees were collected. So how do we understand in 1326A2 the shall return any payments not previously paid? That just speaks to the amount collected on behalf of creditors? Yes, that's correct, Your Honor. Okay. And to go even further, 1322A2 references amounts that haven't been previously paid. This is not previously paid and not yet due and owing to creditors pursuant to Paragraph 3. But it doesn't, but there is some ambiguity there in my reading of it. It is a payment made under Paragraph 1A shall be retained until confirmation or denial of the plan. Yeah, the trustee fee at that point has already been collected, Your Honor. And that is supported by the fact in B, it makes reference to payments versus fees. So it's clear that Congress is not using the term payment to include both things because it separately refers to the fees in B, right? That's absolutely correct, Your Honor. And all, this Tenth Circuit didn't even, I don't think, even mention B at all, right? No. No, it's not. And they rely more, they start their analysis from 1326 and kind of work backwards. I don't agree with the first point you made that we could just look at 586 and stop, right? Even if 586 on its face is unambiguous, if Congress has other provisions that deal with this money, we should look at those too to see if they're consistent or not, right? Understood, Your Honor. But I think 586 just does cover everything we need. It has the who, what, where, when, how, how much, and when how much is too much, it tells us what to do then too. But how can you overlook entirely the section 1326, which Congress also passed? If they said in 1326 you'd have to return the fee, you can't say, well, we're just going to look at 586, right? You have to look at, this clearly also deals with the money, and you have to see whether they're in conflict or not, right? Yes, and I think the court below read the two sections harmoniously, and I think our position does. All right. Do you want to talk about Chapter 12 for a minute and why we shouldn't give some deference to the interpretation? Well, Chapter 12 is vastly different. I mean, I have to at least mention Section 103, which really says we should stay in our own chapters. Chapter 13 deals with Chapter 13. Chapter 12 deals with Chapter 12. And I think Congress was saying that these cases are vastly different. Payments don't start right away there. Sometimes payments aren't made at all until a plan is confirmed. They're vastly different. Is that good for you or bad for you? I mean, I would think that you would want them to be as much alike as possible. Well, I don't know if that's the case, Your Honor, but they're just different types of cases. Okay. It's good to know. All right. I think your time is up. Thank you, Mr. Corey. We're going to hear from- Thank you, Your Honor. Ms. Cox. Please sit. Good morning. May it please the Court, I'm Wendy Cox, representing the United States Trustee. And we would here urge affirmance of the Bankruptcy Court's decision. We think the Bankruptcy Court got it right based on the text of the statute, the structure, and the evident purpose. So I thought I would start writing- I'm sorry. And therefore you also think the Tenth Circuit should have got it wrong? I don't really see any clear way of distinguishing the Dahl decision. Thanks. So I thought I would start writing with some of the things that you were discussing with my colleague. And one of the things I thought I would address was the idea that how this payment system is set up. And it is true that the expenses and salary is not collected on a per case kind of basis. But I think there's a- Well, on an hourly basis. On an hourly basis. The pay services rendered in a measurable way other than the amounts collected to be paid out to creditors. Right. Right, that's correct. But what I wanted to point out here is that, you know, in some sense while this system is set up to spread costs over a number of cases, right? This is a user fee. User fees are generally applied to everyone. And there's a big difference. There's a significant difference between someone who maybe doesn't end up paying based on their ability to pay, like you were saying. So, for example, the percentage fee is applied to the plan payments. And if, for example, that percentage fee yielded a very low or no fee, that would be one thing that that user would still be paying based on the same user fee as others. Right. I'm sorry, but I have trouble with the concept of a user fee. I mean, so far as that, again, we're not measuring by the amount of use. You know, the fee that is assessed here is, you know, if you have filed for Chapter 13 17 times but paid in small amounts or not paid in at all, you're still going to be drawing from the amount due to your creditors. That does get paid to the creditors. Whether you filed once or filed 13 times. And so the amount of your utilization of the process doesn't bear on the amount that is paid out to the trustee. Right. It just depends on how much you've paid in with the ultimate goal of satisfying creditors. It does depend on the amount that you've paid in. But here the user fee is, it just takes in an element of, I think the plan payments just incorporate an element. It's like a substitute sort of for ability to pay. So it is a user fee. User fees don't have to correlate exactly to the benefit that's given to any particular debtor. So that's the correlation here. But I think there's a vast difference between that and just exempting an entire group of people. And there's a large number of cases in which debtors fail to confirm plans in Chapter 13. But there is an ambiguity, wouldn't you say, in Section 1326, because there is an obligation to return payments not previously paid out to creditors. And even in Section B, before the time of each payment to creditors, there shall be paid a fee. That still envisions that there is a payment made to creditors under the plan ultimately. So it seems to me a little unclear at what point the fee and the amount payable to creditors get separated. I think Section 1326 could have been written more clearly. And bankruptcy code is not always a beacon of clarity. But really, I think that Section 586, which directly addresses the compensation owed to the trustee, is unambiguous. And it provides, without any equivocation or any condition, that the trustee shall collect the fee from all payments under the plan. We think that that can coexist. But it says all payments received under plans. Yes. And if there is no plan that's confirmed, what does that mean? I think that doesn't matter because Congress, when it was referring to a confirmed plan, it said confirmed plan. So under a plan, there is a plan here. It hasn't been confirmed yet. But these fees are being received under the plan because the fees are being established. The timing and the amount of the fees are being established pursuant to the plan. So they are being received under the plan. And Congress was aware of that. It set up a system where debtors would make plan payments prior to confirmation. So plan means confirmed or unconfirmed? Yes. In 586? Yes, that's correct. That's correct. I'm sorry. I think my time has run. Sorry. Ms. Cox. Mr. Herzberg. Thank you. Thank you. First of all, the term under plans has been defined by the U.S. Supreme Court in Piccadilly Cafeteria. In Florida versus Piccadilly. Under plans, the U.S. Supreme Court said means under a confirmed plan. Until a plan- Mr. Herzberg, 1326A2 says if a plan is confirmed. And then in the next sentence, it says if a plan is not confirmed. Doesn't that suggest a plan is independent of confirmed or unconfirmed? No? Well, you had the same problem, too, with the U.S. Supreme Court case in Piccadilly. Okay, about the payment of the stamp taxes in Chapter 11 cases, pre-imposed are- I think my recollection of that case is that it said confirmed plan. The language said confirmed plan in that case. No, it said under plans. And the U.S. Supreme Court said the term under plans means confirmed. Until a plan- Just out of curiosity, what's the year of that Supreme Court case? It was 2008. 554 U.S. 33- Okay. Obviously, my opponent said that 586E2 is not ambiguous. It absolutely is ambiguous. They used the word under plans. Is that confirmed plan? Unconfirmed plan? It uses the word collect. Don't say collect and hold or collect and retain. What does the term collect mean? It just means receive. So 586 is meant to be the source of the funds. 1326 is meant to be how the funds are distributed once a plan is confirmed. If a plan is not confirmed, it goes back to the dollar. 1326 could not have been clearer. It's the problem. The ambiguity is with what the U.S. trustee and the Chapter 13 trustee is arguing. 586 is the ambiguous section and not 1326. There's no way for a trustee to ever take monies as a fee prior to confirmation. That's simple. And they tried to obscure that issue. Thank you. Thank you, Mr. Hertzberg. Thank you to everyone. We'll reserve decision. Have a good day. Thank you. Have a good day.